IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>MARION SPEARMAN, et al.,<br><br>Defendants. | No. 2:19-CV-0848-MCE-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

On June 13, 2019, the court issued a screening order addressing plaintiff's original complaint. See ECF No. 8. The court found all claims – except plaintiff's Eighth Amendment claims against defendants Spearman, Cox, Rodriguez, and Salazar – insufficient for service. See id. at 3. Plaintiff was provided 30 days within which to file a first amended complaint addressing the deficiencies identified by the court. See id. at 11-12. On July 15, 2019, plaintiff filed a notice of voluntary dismissal of defendants Ginder, Delgado, and MacComber only. See ECF No. 10. To date, plaintiff has not filed a first amended complaint. Because no answer or motion for summary judgment has been filed, leave of court is not required and defendants Ginder, Delgado, and MacComber have been dismissed on plaintiff's notice. See Fed. R. Civ. P. 41(a)(1)(A)(i).

///

In the June 13, 2019, screening order, the court summarized plaintiff's allegations as follows:

> Plaintiff alleges Defendants Cox, Rodriguez, and Salazar used excessive force against him during an escort through the prison. See ECF No. 1, p. 7-9. Defendant Rodriguez used Defendant Salazar's baton to knock Plaintiff off his feet. See id. at 9. While Plaintiff was on the ground, Defendant Cox placed his knee on the back of Plaintiff's head and pinned his face to the ground. See id. at 7. Defendant Rodriguez then told Defendants Cox and Salazar to "slam" Plaintiff. Id. Defendants Cox and Salazar beat Plaintiff, who suffered from loss of consciousness, lacerations, and bone fractures. See id. Before this alleged assault, Plaintiff had filed several reports against various correctional officers for misconduct. See id. at 6. He was concerned these reports put his safety at risk. See id. Although Plaintiff voiced these concerns and asked Defendant Spearman to transfer him to another part of the prison, Defendant Spearman refused. See id.
>
> Plaintiff further alleges Defendants Cox, Rodriguez, Salazar, Ginder, and Delgado each falsified their reports to cover up the incident. See id. at 7-11. Additionally, Defendant Ginder issued Plaintiff an alleged retaliatory Rules Violation Report (RVR) and refused to hand over Plaintiff's injury report. See id. at 10.

ECF No. 8, pg. 2.

The court summarized plaintiff's claims as follows:

> This court identifies the following six potential claims: (1) Defendants Cox, Rodriguez, and Salazar violated Plaintiff's Eighth Amendment right against excessive force; (2) Defendants Jeff Macomber and Marion Spearman violated Plaintiff's Eighth Amendment rights by failing to protect his safety; (3) Defendant Ginder unconstitutionally retaliated against Plaintiff's First Amendment right to file grievances by filing an RVR; (4) Defendants Cox, Rodriguez, Salazar, Ginder, and Delgado violated Plaintiff's right to due process by falsifying their incident and medical reports; (5) Defendant Ginder violated Plaintiff's right to due process by withholding a copy of Plaintiff's injury report; and (6) Defendants Cox, Rodriguez, Salazar, Ginder, and Delgado conspired to falsify their reports. . . .

Id. at 3.

The court concluded the complaint was insufficient for service on all claims except plaintiff's Eighth Amendment claims against defendants Spearman, Cox, Rodriguez, and Salazar. See id. at 3.

///
///
///

While the court provided plaintiff leave to amend as to his Eighth Amendment safety claim against defendant Macomber, plaintiff has voluntarily dismissed this defendant. Similarly, though the court granted plaintiff leave to amend as to his First Amendment retaliation claim against defendant Ginder and due process and conspiracy claims against defendants Ginder and Delgado, plaintiff voluntarily dismissed these defendants as well. Remaining are plaintiff's due process and conspiracy claims against defendants Cox, Rodriguez, and Salazar.

As to plaintiff's due process claim, the court stated:

> Plaintiff alleges Defendants Cox, Rodriguez, Salazar, Ginder, and Delgado falsified their incident and medical reports. To the extent Plaintiff intends to claim these actions violated his due process rights, he fails to state a cognizable claim.
> The facts do not sufficiently demonstrate the falsified reports denied Plaintiff life, liberty, or property without due process of law. Although Plaintiff claims Defendant Ginder's and Delgado's actions caused him to suffer "mentally, emotionally, and physically," he has not adequately specified how these reports deprived him of substantive or procedural due process. ECF No. 1, p. 10-11. For example, Plaintiff does not allege the deprivation of some procedural opportunity related to a disciplinary hearing. Instead, his claim focuses on the mere existence of these allegedly false reports. However, the existence of these reports alone, without more, does not support a due process claim.
> Specific to Defendant Ginder's allegedly false RVR, courts have held there is no protection for prisoners against false charges or wrongly issued disciplinary reports. See e.g., Buckley v. Gomez, 36 F. Supp. 2d. 1216, 1222 (S.D. Cal. 1997) (holding plaintiff had no rights against a falsified report in his grievance response), aff'd without opinion, 168 F.3d 498 (9th Cir. 1999). This district has also held the issuance of a false crime report does not, in and of itself, support a claim under § 1983. See e.g., Johnson v. Felker, 2013 WL 6243280 (E.D. Cal. 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under § 1983."). Therefore, without allegations that these reports denied Plaintiff some liberty or property interest, his claim is not cognizable.

ECF No. 8, pgs. 9-10.

Finally, addressing plaintiff's conspiracy claim, the court stated:

> Plaintiff also alleges a conspiracy among Defendants Cox, Rodriguez, Salazar, Ginder, and Delgado to cover up Defendant Cox, Rodriguez, and Salazar's use of excessive force. To establish a conspiracy under 42 U.S.C. § 1983, a plaintiff must show (1) the existence of an express or implied agreement among the defendants to deprive the plaintiff of his constitutional rights and (2) an actual deprivation of those rights resulting from that agreement. See Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010).

3

> Here, Plaintiff fails to establish an adequate conspiracy claim. Plaintiff alleges no facts to support the existence of an agreement to violate his constitutional rights. Instead, Plaintiff's claim relies on conclusory statements alone. However, these threadbare assertions are insufficient to pass the screening standard. Plaintiff will be given leave to amend.

ECF No. 8, pg. 11.

Plaintiff was granted leave to amend but has declined to do so within the time provided.

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's due process and conspiracy claims against defendants Cox, Rodriguez, and Salazar are dismissed; and

2. This action shall proceed only on plaintiff's Eighth Amendment claims against defendants Spearman, Cox, Rodriguez, and Salazar.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 2, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE