1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11     TIM DAVIS,                                         No.  2:19-CV-0848-MCE-DMC-P

12                  Plaintiff,

13          v.                                            <u>FINDINGS AND RECOMMENDATIONS</u>

14     MARION SPEARMAN, et al.,

15                  Defendants.

16

17               Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18     42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for injunctive relief (ECF No.

19     22).

20               The legal principles applicable to requests for injunctive relief, such as a

21     temporary restraining order or preliminary injunction, are well established.  To prevail, the

22     moving party must show that irreparable injury is likely in the absence of an injunction.  <u>See</u>

23     <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing <u>Winter v. Natural Res.</u>

24     <u>Def. Council, Inc.</u>, 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser

25     standard by focusing solely on the possibility of irreparable harm, such cases are "no longer

26     controlling, or even viable."  <u>Am. Trucking Ass'ns, Inc. v. City of Los Angeles</u>, 559 F.3d 1046,

27     1052 (9th Cir. 2009).  Under <u>Winter</u>, the proper test requires a party to demonstrate: (1) he is

28     likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

1

injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot, however, issue an order against individuals who are not parties to the action.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

In this case, plaintiff seeks an order directing prison officials to return his legal property.  The court finds injunctive relief is not warranted for several reasons.  First, plaintiff does not seek relief from any party defendant.  Rather, plaintiff seeks relief from unspecified individuals referred to collectively in the motion.  Second, plaintiff has not alleged the likelihood of suffering irreparable injury.  Third, plaintiff cannot establish a likelihood of success on the merits as would justify preliminary injunctive relief because the merits of his case are not related to return of his legal property.  Here, plaintiff's claim concerns the alleged use of excessive force in violation of the Eighth Amendment.  Plaintiff's motion for injunctive relief implicates a potential First Amendment violation to the extent plaintiff asserts the denial of his legal materials impedes his access to the courts.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

2

Based on the foregoing, the undersigned recommends that plaintiff's motion for injunctive relief (ECF No. 22) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 22, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE