1
2
3
4
5
6
7
8            **IN THE UNITED STATES DISTRICT COURT**
9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

11   TIM DAVIS,                                     No.  2:19-CV-0848-MCE-DMC-P

12                     Plaintiff,

13          v.                                      <u>FINDINGS AND RECOMMENDATIONS</u>

14   MARION SPEARMAN, et al.,

15                     Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion, ECF No. 47, for injunctive

19   relief.

20          The legal principles applicable to requests for injunctive relief, such as a

21   temporary restraining order or preliminary injunction, are well established.  To prevail, the

22   moving party must show that irreparable injury is likely in the absence of an injunction.  <u>See</u>

23   <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing <u>Winter v. Natural Res.</u>

24   <u>Def. Council, Inc.</u>, 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser

25   standard by focusing solely on the possibility of irreparable harm, such cases are "no longer

26   controlling, or even viable."  <u>Am. Trucking Ass'ns, Inc. v. City of Los Angeles</u>, 559 F.3d 1046,

27   1052 (9th Cir. 2009).  Under <u>Winter</u>, the proper test requires a party to demonstrate: (1) he is

28   likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

1

injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot, however, issue an order against individuals who are not parties to the action.   See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).   Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

Here, Plaintiff asserts that he is being subject to retaliation by unnamed prison staff at Salinas Valley State Prison as a result of utilizing the prison's grievance process.  See ECF No. 47.  Specifically, Plaintiff contends he is being denied access to the prison law library. See id.  Plaintiff states he is seeking "an order for an Intervention," though he does not specify what relief he wants the Court to provide.

The Court finds that injunctive relief is unwarranted for two reasons.  First, the Court cannot issue injunctive relief against individuals who are not a party to this action, which concerns allegations of misconduct by prison officials at High Desert State Prison.  Second, Plaintiff has not demonstrated how he is likely to suffer irreparable injury absent court intervention related to law library access.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    Based on the foregoing, the undersigned recommends that Plaintiff's motion, ECF

2    No. 47, for injunctive relief be denied.

3    These findings and recommendations are submitted to the United States District

4    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

5    after being served with these findings and recommendations, any party may file written objections

6    with the Court.  Responses to objections shall be filed within 14 days after service of objections.

7    Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

8    Ylst, 951 F.2d 1153 (9th Cir. 1991).

9

10   Dated:  November 20, 2020

11                                                    _____
                                                      DENNIS M. COTA
12                                                    UNITED STATES MAGISTRATE JUDGE

3