IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>MARION SPEARMAN, et al.,<br><br>    Defendants. | No. 2:19-CV-0848-MCE-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's "motion for a protective order." ECF No. 57. Plaintiff contends that he needs a protective order to guarantee that his constitutional rights are not violated and that his right to receive exculpatory evidence through discovery is not violated. Id. Plaintiff does not otherwise specify what relief he wishes the Court to provide. But because he seeks an order to "ensure that his constitutional rights to fair court proceedings aren't violated," the Court construes the motion as requesting the Court restrain a party from acting. See id. The Court thus construes Plaintiff's motion as a motion for injunctive relief.[1] The undersigned United States Magistrate Judge recommends denying the motion.

///

---

[1] The Court's interpretation of Plaintiff's motion is further informed by Plaintiff's prior motion for injunctive relief and an "order for an intervention by the Court" to protect his constitutional rights. See ECF No. 47. The undersigned United States Magistrate Judge recommended denying the previous motion. ECF No. 56.

1

**I. ANALYSIS**

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

Plaintiff seeks an order protecting his constitutional rights to a fair trial and his right to receive exculpatory evidence through discovery. ECF No. 57. Other than the implication that he desires the Court to restrain some party from violating his rights, Plaintiff does not indicate what relief he is requesting or the grounds on which he requests it. See id.

The Court finds injunctive relief is not warranted. First, it is unclear whom the Plaintiff seeks to restrain. To the extent that he desires injunctive relief against a party who is not party to his case, the Court lacks authority to order it. Zenith Radio Corp., 395 U.S. at 112; James v. Scribner, No. CV 07–880–TUC–RCC, 2010 WL 3942844, at *2 (E.D. Ca. Oct. 4, 2010). Second, Plaintiff has not demonstrated that he is likely to suffer irreparable harm. To Plaintiff's credit, the deprivation of constitutional rights does constitute irreparable harm. E.g., Melendres v.

Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012). But merely stating that he seeks a protective order to ensure his constitutional rights are protected does not establish that Plaintiff is *likely* to suffer irreparable harm. See, e.g., Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). A Plaintiff must demonstrate that irreparable harm is likely, not just possible. Id. Plaintiff has not done so.

## II. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's motion for injunctive relief (ECF No. 57) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 13, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3