**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIM DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARION SPEARMAN, et al.,<br><br>　　　　Defendants. | No. 2:19-CV-0848-MCE-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's motion to compel discovery. ECF No. 59. Typically, in actions involving an incarcerated party, the opposing party has 21 days to respond to a motion. L.R. 230(l). Plaintiff's motion, however, is both defective and baseless. Because Defendants will not be prejudiced by immediate resolution of the motion, the Court dispenses with the allotted time and denies the motion.

The parties may currently conduct discovery until March 1, 2021. ECF No. 55 at 1. Motions to compel are due 60 days from that cut-off date. Id. Plaintiff filed this motion on January 20, 2021. ECF 59 at 2. Plaintiff moves to compel discovery, alleging that Defendants failed to adequately respond to Plaintiff's requests for admissions. Id. He served his requests for admissions on December 13, 2020. Id. He specifically contends that Defendants have not responded to his requests and are resisting proper answers to his request for admissions regarding

1  Defendant J. Salazar. Id. Plaintiff also alleges that Defendants removed pages from his request for
2  admissions, and then sent him a letter lying and telling him that they did not receive the missing
3  pages. Id. Plaintiff's motion does not include a statement that he in good faith conferred or
4  attempted confer with Defendants to resolve the disputed discovery prior to filing his motion. Id.
5        Attached to Plaintiff's motion as Exhibit A is a letter from Defendants' counsel to
6  Plaintiff. Id. at 4. The letter is dated January 14, 2021. Id. Defense counsel informs Plaintiff that
7  Defendants received Plaintiff's request for admissions, but that pages two through five are
8  missing from the document, which is labeled as having eleven pages. Id. The pages that were
9  present in the document included requests relating to Defendants Cox and Rodriguez. Id. Defense
10 counsel informed Plaintiff that Defendants would respond to the present requests regarding
11 Defendants Cox and Rodriguez by the response deadline of February 1, 2021. Id. Defense counsel
12 then asked Plaintiff to reserve any requests on pages two through five, so that Defendants could
13 properly respond. Id.
14       First, the Court notes that Plaintiff's motion is baseless and premature. The Court's
15 scheduling order provides the parties with 45 days to respond to written discovery requests. ECF
16 No. 42 at 1. Plaintiff served his request for admissions on Defendants on December 13, 2020.
17 ECF No. 59 at 2. Pursuant to the Court's Scheduling Order, Defendants are then afforded a 45
18 day period to respond to Plaintiff's request for admissions, resulting in a deadline of January 27,
19 2021. Under Federal Rule of Civil Procedure 6, however, three days are added when discovery
20 requests are served by mail. Fed. R. Civ. P. 6(d). Moreover, if the last day to respond to
21 discovery falls on a Saturday, Sunday, or legal holiday, the time to respond continues until the
22 next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). January 27,
23 2021 is a Wednesday. The addition of three days subsequently days[1] results in the deadline being
24 Saturday, January 30, 2021. Because the last day to respond would otherwise have been Saturday,
25 the last day for Defendants to respond to Plaintiff's request for admissions is extended to
26 Monday, February 1, 2021. See Fed. R. Civ. P. 6(a)(2)(C). That deadline has not been reached.
27
28 [1] January 27, 2021, as the "trigger" date for the discovery deadline, is not itself included as one of the three days for mail service. See Fed. R. Civ. P. 6(a)(1)(A).

2

Second, the Court notes Plaintiff's allegation, that Defendants' counsel removed pages from Plaintiff's requests for admissions and then lied about it, is wholly baseless. Plaintiff's claims are unsupported by any evidence. Moreover, it was Defendants' counsel herself that brought the alleged missing pages to Plaintiff's attention. ECF No. 59 at 4. Defense counsel properly and professionally informed Plaintiff that Defendants would reply to the requests that they had in their possession, and asked Plaintiff to again serve the missing pages. Id. At no point did Defendants' counsel attempt to obfuscate or avoid her responsibilities. See id.

Plaintiff is advised that the Court will not look favorably upon unsubstantiated allegations of bad faith. Under Federal Rule of Civil Procedure 11, in submitting a motion to the Court, Plaintiff certifies that, to the best of his knowledge, that the factual contents in the motion have evidentiary support. Fed. R. Civ. P. 11(b)(3). Plaintiff is further advised that the Court has the power impose sanctions for violations of Rule 11. Fed. R. Civ. P. 11(c)(1).

Third and finally, Plaintiff's motion is defective. Federal Rule of Civil Procedure 37 requires motions to compel to include a statement that he in good faith conferred or attempted confer with Defendants to resolve the disputed discovery prior to filing his motion. Fed. R. Civ. P. 37(a)(1). Plaintiff's motion contains no such certification.

Plaintiff's motion to compel (ECF No. 59) is **DENIED**.

IT IS SO ORDERED.

Dated: January 29, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3