**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIM DAVIS,<br><br>           Plaintiff,<br><br>      v.<br><br>MARION SPEARMAN, et al.,<br><br>           Defendants. | No. 2:19-CV-0848-MCE-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant Spearman's motion for summary judgment, ECF No. 73, Plaintiff's Opposition, ECF No. 74, and Defendant Spearman's Reply, ECF No. 75.

**I. BACKGROUND**

This action proceeds on Plaintiff's original complaint. See ECF No. 1. Plaintiff alleges Defendants Cox, Rodriguez, and Salazar used excessive force against him during an escort through the prison. See ECF No. 1, pgs. 7-9. Plaintiff states that Defendant Rodriguez used Defendant Salazar's baton to knock Plaintiff off his feet. See id. at 9. While Plaintiff was on the ground, Defendant Cox placed his knee on the back of Plaintiff's head and pinned his face to the ground. See id. at 7. Defendant Rodriguez then told Defendants Cox and Salazar to "slam"

1

1  Plaintiff.  Id.  Defendants Cox and Salazar beat Plaintiff, who suffered from loss of
2  consciousness, lacerations, and bone fractures.  See id.  Before this alleged assault, Plaintiff had
3  filed several reports against various correctional officers for misconduct.  See id. at 6.  He was
4  concerned these reports put his safety at risk.  See id.  Plaintiff states that despite voicing these
5  concerns and asking Defendant Spearman to transfer him to another part of the prison, Defendant
6  Spearman refused.  See id.

## II. EVIDENCE

Defendant Spearman's motion is supported by a Statement of Undisputed Facts and sworn declarations from D. Espinoza, Howard Moseley, and Defendant Spearman. Defendant also relies on the following relevant exhibits that are attached to the declaration of D. Espinoza:

| | | |
|---|---|---|
| Exhibit J | Appeal and Response-Appeal Log #HDSP-Z-18-01937 |
| Exhibit K | Resubmitted Appeal and Response-Appeal Log #HDSP-Z-18-01937 |
| Exhibit L | Appeal and Response-Appeal Log #HDSP-B-18-02114 |

Defendant also relies on the following exhibit attached to the declaration of Howard Moseley:

| | |
|---|---|
| Exhibit E | Appeal Log No. 1811182 |

Plaintiff's opposition is not supported by a statement of undisputed facts. Plaintiff argues against several of Defendant's Statement of Undisputed Facts ("SUF"), namely: SUF 30, 31, 32, 41, 44, and 49. Plaintiff also attaches the following relevant exhibit:

| | |
|---|---|
| Exhibit B | Appeal Log #HDSP-B-18-02114 and Appeal Log #HDSP-Z-18-01937 |

## III. STANDARD FOR SUMMARY JUDGEMENT

The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  The

1  standard for summary judgment and summary adjudication is the same. See Fed. R. Civ. P.
2  56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).  One of
3  the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  See
4  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Under summary judgment practice, the
5  moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

9  Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).
10         If the moving party meets its initial responsibility, the burden then shifts to the
11  opposing party to establish that a genuine issue as to any material fact actually does exist.  See
12  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to
13  establish the existence of this factual dispute, the opposing party may not rely upon the
14  allegations or denials of its pleadings but is required to tender evidence of specific facts in the
15  form of affidavits, and/or admissible discovery material, in support of its contention that the
16  dispute exists.  See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11.  The
17  opposing party must demonstrate that the fact in contention is material, i.e., a fact that might
18  affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S.
19  242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th
20  Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
21  return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436
22  (9th Cir. 1987).  To demonstrate that an issue is genuine, the opposing party "must do more than
23  simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record
24  taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no
25  'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).  It is sufficient that "the
26  claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions
27  of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.
28         In resolving the summary judgment motion, the court examines the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. See Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, see Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251.

### IV. DISCUSSION

Defendant Spearman argues that Plaintiff failed to exhaust his administrative remedies against Defendant Spearman, that Defendant Spearman was not deliberately indifferent towards Plaintiff's safety, and that Defendant Spearman is entitled to qualified immunity. The Court agrees with Defendant Spearman that Plaintiff failed to exhaust his administrative remedies against Defendant Spearman. As such, the Undersigned does not address Defendant Spearman's actions or whether he is entitled to qualified immunity.

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The Supreme Court addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the

defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted.  The defendant bears burden of showing non-exhaustion in the first instance.  See Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014).  If met, the plaintiff bears the burden of showing that the grievance process was not available, for example because it was thwarted, prolonged, or inadequate.  See id.

        The Supreme Court held in Woodford v. Ngo that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules so that the agency addresses the issues on the merits.   548 U.S. 81, 89-96 (2006).  Thus, exhaustion requires compliance with "deadlines and other critical procedural rules." Id. at 90. Partial compliance is not enough.  See id.  Substantively, the prisoner must submit a grievance which affords prison officials a full and fair opportunity to address the prisoner's claims.  See id. at 90, 93.  The Supreme Court noted that one of the results of proper exhaustion is to reduce the quantity of prisoner suits "because some prisoners are successful in the administrative process, and others are persuaded by the proceedings not to file an action in federal court." Id. at 94. When reviewing exhaustion under California prison regulations which have since been amended, the Ninth Circuit observed that, substantively, a grievance is sufficient if it "puts the prison on adequate notice of the problem for which the prisoner seeks redress. . . ." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009); see also Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) (reviewing exhaustion under prior California regulations).

        A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.8 of Title 15 of the California Code of Regulations.  In California, inmates "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The inmate must submit their appeal on the proper form, and is required to identify the staff

1 member(s) involved as well as describing their involvement in the issue. See Cal. Code Regs. tit. 15, § 3084.2(a). These regulations require the prisoner to proceed through three levels of appeal. See Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.2, 3084.7. A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy. See id. Departmental appeals coordinators may reject a prisoner's administrative appeal for a number of reasons, including untimeliness, filing excessive appeals, use of improper language, failure to attach supporting documents, and failure to follow proper procedures. See Cal. Code Regs. tit. 15, §§ 3084.6(b). If an appeal is rejected, the inmate is to be provided clear instructions how to cure the defects therein. See Cal. Code Regs. tit. 15, §§ 3084.5(b), 3084.6(a). Group appeals are permitted on the proper form with each inmate clearly identified, and signed by each member of the group. See Cal. Code Regs. tit 15, § 3084.2(h).

In certain circumstances, the regulations make it impossible for the inmate to pursue a grievance through the entire grievance process. See Brown v. Valoff, 422 F.3d 926, 939 n. 11 (9th Cir. 2005). Where a claim contained in an inmate's grievance is characterized by prison officials as a "staff complaint" and processed through a separate confidential process, prison officials lose any authority to act on the subject of the grievance. See id. at 937 (citing Booth, 532 U.S. at 736 n. 4). Thus, the claim is exhausted when it is characterized as a "staff complaint." See id. at 940. If there are separate claims in the same grievance for which further administrative review could provide relief, prison regulations require that the prisoner be notified that such claims must be appealed separately. See id. at 939. The court may presume that the absence of such a notice indicates that the grievance did not present any claims which could be appealed separate from the confidential "staff complaint" process. See id.

Here, the grievances at issue do not concern Defendant Spearman or have not been properly exhausted. Grievance Numbers HDSP-Z-18-01937 and HDSP-B-18-02114 are the grievances pertinent to Plaintiff's claim against Defendant Spearman. Plaintiff's grievance 01937 was rejected because Plaintiff's grievance "concerns an anticipated action or decision. Such issues are not appealable until they happen." ECF No. 73-4, pg. 136. High Desert State Prison

1  ("HDSP") instructed Plaintiff how to correct the problem.  After resubmitting the grievance,
2  Plaintiff's grievance was rejected again because Plaintiff's grievance "involves multiple issues
3  that do not derive from a single event, or are not directly related and cannot be reasonably
4  addressed in a single response due to this fact."  ECF No. 73-5, pg. 30.  HDSP again instructed
5  Plaintiff how to cure, but Plaintiff chose not to follow HDSP's instructions.
6         Grievance 02114 also was found to involve "multiple issues that do not derive
7  from a single event, or are not directly related and cannot be reasonably addressed in a single
8  response due to this fact."  Id. at 70.  Plaintiff was instructed on how to cure the defects again, but
9  Plaintiff did not follow the instructions.  Instead, Plaintiff appealed directly to the Office of
10  Appeals ("OOA").  The OOA rejected the appeal because Plaintiff bypassed the lower levels of
11  review.  ECF No. 73-6, pg. 66.  Accordingly, Plaintiff failed to exhaust his claims against
12  Defendant Spearman.
13         Plaintiff argues that he is excused from exhaustion because "They gave [him]
14  multiple different reasons" in response to submitting the "same exact appeal."  ECF No. 74, pg. 3.
15  However, Plaintiff has not carried his burden of showing excuse.  Plaintiff fails to discuss why he
16  did not follow the prison's instructions on curing the defects in his grievances.  Plaintiff's
17  arguments are conclusory and unavailing.  Therefore, the Undersigned recommends Defendant
18  Spearman's motion be granted.
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

## V. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendant Spearman's motion for summary judgment, ECF No. 73, be granted; and

2. Defendant Spearman be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 19, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE